IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY RAMEY,<br><br>           Plaintiff,<br><br>   vs.<br><br>TRAN, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. CV-F-05-0228 AWI DLB P<br><br>ORDER DISMISSING CASE FOR FAILURE TO PAY FILING FEE |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This case was transferred to this Court on February 11, 2005. On April 6, 2005, the Court granted plaintiff's motion to proceed in forma pauperis. On March 13, 2006, the Court recommended that plaintiff's in forma pauperis status be revoked based upon the determination that plaintiff had, on three or more occasions, filed actions that were dismissed as frivolous, as malicious or for failing to state a claim upon which relief may be granted.[1] Thus, the court determined that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. The court reviewed

---

[1] See CV-F-98-5450 AWI DLB P Ramey v. County of Fresno (dismissed on August 20, 1998 for failure to state a claim); CV-F-97-6215 OWW DLB P Ramey v. Sylvester (Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) granted on March 29, 1999; motion not treated as a motion for summary judgment); and CV-F-98-6327 OWW SMS P Ramey v. Loo (dismissed on May 25, 1999 for failure to state a claim).

1

plaintiff's complaint and determined that plaintiff failed to allege facts that support a finding that he was under imminent danger of serious physical injury. The Court determined that plaintiff may not proceed in forma pauperis in this action. Inasmuch as plaintiff was granted leave to proceed in forma pauperis in error, the Court recommended that plaintiff's in forma pauperis action be revoked and plaintiff be ordered to pay the $250.00 filing fee in full within thirty days.

On July 7, 2006, over plaintiff's objections, the District Court adopted the Findings and Recommendations in full, revoked plaintiff's in forma pauperis status and ordered plaintiff to file the filing fee for this action within 30 days.

On July 16, 2006, plaintiff filed a motion to reconsideration of the Order adopting the Findings and Recommendations. On March 20, 2007, the Court denied plaintiff's motion for reconsideration and ordered plaintiff to pay the $250.00 filing fee within 30 days. The Court advised plaintiff that, "If plaintiff fails to pay the filing fee within 30 days, this action will be dismissed." Plaintiff has failed to pay the $250.00 filing fee.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in

1  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
2  to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
3  availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24;
4  Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

5       In the instant case, the court finds that the public's interest in expeditiously resolving this
6  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor,
7  risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises
8  from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
9  522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits
10 -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning
11 to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of
12 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
13 779 F.2d at 1424.  Here, plaintiff had adequate warning that dismissal would result from his
14 noncompliance with the court's order.

15      Accordingly, this action is HEREBY DISMISSED based on plaintiff's failure to obey the court's
16 order of March 20, 2007 and failure to pay the filing fee.

17
18 IT IS SO ORDERED.
19 **Dated:    February 25, 2008**              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28